MARGARET NAGEL, Respondent, *v.* MYLES A. PAIGE, Appellant.

First Department, March 17, 1939.

*Vernal J. Williams* of counsel [*Lucius L. Delany* and *John H. Lewis* with him on the brief; *Delany, Lewis & Williams*, attorneys], for the appellant.

*William Zabelle*, for the respondent.

PER CURIAM.   In the charge the trial court told the jury that the nature of the bridge pavement on which defendant's car skidded was a very important issue in the case, but during the trial when defendant was describing the nature of the pavement the court sustained an objection to the testimony, ruled that such testimony was " quite irrelevant " and struck it out.   The court also sustained an objection to the defendant's testimony that his car skidded and struck out the answer; but later, arbitrarily we think, said that he refused to let the defendant so testify but he would permit defendant's wife to do so.   The skidding on the slippery pavement and its cause were the salient factors in the case; defendant should have been allowed fully to testify; and the court's rulings were prejudicial error.

There were other errors we think it unnecessary to mention as they are unlikely to recur on a new trial.

The judgment in plaintiff's favor for $12,656.50 should be reversed and a new trial ordered, with costs to the appellant to abide the event.

The appeal from the order denying defendant's motion to amend the stenographic record should be dismissed, without costs.

Present — MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and DORE, JJ.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. Appeal from order denying motion to amend record dismissed, without costs.